JUDGE WOODS

Kenneth Katz
KATZ MELINGER PLLC
280 Madison Avenue, Suite 600
New York, NY 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEAL PATEL, | CIVIL ACTION NO. |
| Plaintiff, | |
| -against- | COMPLAINT |
| AKER GROUP CORPORATION, SETT & LUCAS INC., SETT & LUCAS LIMITED, and PRABHU ANTONY LUCAS MANI, | |
| Defendants. | |

Plaintiff, Neal Patel ("Patel" or "Plaintiff"), by his attorneys, Katz Melinger PLLC, complaining of the Defendants, Aker Group Corporation ("Aker Group"), Sett & Lucas Inc. ("Sett & Lucas"), Sett & Lucas Limited ("Sett & Lucas Hong Kong"), and Prabhu Antony Lucas Mani ("Antony") (collectively referred to herein as "Defendants"), respectfully alleges as follows:

### Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.*, the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*, and for breach of contract and unjust enrichment.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law, New Jersey Wage Payment Act, and New Jersey common law pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Defendants conduct business within this judicial district.

**Parties**

5. Plaintiff Neal Patel is an individual residing in the state of New Jersey.

6. At all relevant times, Plaintiff was an employee of Defendants as defined FLSA 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a.1(h), and N.J.S.A. 34:11-4.1(b).

7. Defendant Aker Group Corporation is a New Jersey corporation with its headquarters located at 30 Wall Street, 8th Floor, New York, New York 10005.

8. Defendant Sett & Lucas Inc. is a New Jersey corporation with its headquarters located at 30 Wall Street, 8th Floor, New York, New York 10005.

9. Defendant Sett & Lucas Limited is a Hong Kong corporation with its headquarters located at 2410 Fortis Tower, 77-79 Gloucester Road, Wanchai, Hong Kong.

10. Defendants Aker Group, Sett & Lucas, and Sett & Lucas Hong Kong are engaged in the business of investment banking, institutional brokering, and private equity funding.

11. Defendant Prabhu Antony Lucas Mani is an individual residing, upon information and belief, in the State of New Jersey, County of Middlesex.

12. Upon information and belief, at all relevant times Defendant Antony was and still is an officer, director, shareholder and/or person in control of each Sett & Lucas, Sett & Lucas Hong Kong, and Aker Group.

13. At all relevant times Defendant Antony was Plaintiff's supervisor.

14. At all relevant times Defendant Antony operated Aker Group, Sett & Lucas and Sett & Lucas Hong Kong as one business, with Aker Group providing payment to Plaintiff while Plaintiff was employed and doing business for Sett & Lucas and Sett & Lucas Hong Kong. Specifically Plaintiff's responsibilities included developing business deals and supporting successful deal closures which would result in commissions being paid to Sett & Lucas and Sett & Lucas Hong Kong, while all payments for services rendered by Plaintiff were paid through Aker Group.

15. At all relevant times, Antony was and still is a senior management level employee of Aker Group, Sett & Lucas, and Sett & Lucas Hong Kong. He exercised significant control over the companies' operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

16. Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

17. Defendants operate in interstate commerce.

18. All Defendants are subject to suit under the statutes alleged above.

## Factual Allegations

19. Patel was employed by Defendants from August 1, 2011 through on or about April 2014.

20. During Patel's employment with Defendants, his job duties included, among other administrative and deal-related tasks, developing business and introducing potential clients to Defendants in order to facilitate the purchase or sale of businesses or assets, along with supporting deals by creating pitch books, models, teasers, and information memorandums and performing due diligence.

21. Patel performed the majority of his work duties under the direct supervision of Antony from an office in New Jersey.

22. Patel did not supervise any employees and was not employed in an executive, professional, administrative, or outside sales capacity.

23. Patel was a non-exempt employee under the FLSA and New Jersey Wage and Hour Law.

24. The FLSA and New Jersey Wage and Hour Law require that employers pay all non-exempt employees a statutory minimum wage.

25. From July 24, 2009 to present, the federal minimum wage has been $7.25 per hour.

26. From July 24, 2009 to December 31, 2013, the New Jersey minimum wage was $7.25 per hour; and from January 1, 2014 to December 31, 2014, it was $8.25 per hour.

27. Throughout his employment with Defendants, Patel received all of his compensation in the form of a monthly stipend, regardless of how many hours he worked.

28. For the first six or seven months of Patel's employment, he was paid $500.00 per month for all hours worked. For the remainder of his employment, he was paid $1,000.00 per month. Patel received the stipend approximately once a month as a single payment.

29. During his employment with Defendants, Patel regularly worked in the office from Monday to Friday, arriving between 8:00 a.m. and 10:00 a.m. and leaving between 5:30 p.m. and 6:00 p.m., although on some occasions he worked from home during those hours. He also regularly worked at least an additional 2 to 3 hours from home each night after 6:00 p.m.

30. At least 2 to 3 days each week, Patel would work as late as midnight. Patel also worked weekends on numerous occasions at least once a month.

31. On average, Patel worked a total of approximately 60 to 75 hours each week.

32. Defendants knew, or should have known, of Patel's hours, including his work from home and on weekends.

33. Further, although Patel worked approximately 30 to 40 hours during the month of March 2014, Patel was not compensated for any hours he worked that month.

34. In addition, at the time of Patel's hire, Patel entered into an agreement with Defendants, whereby Defendants agreed to pay Patel a commission based on a percentage of fees obtained by them for any deals in which Patel introduced a buyer and/or a seller and in instances in which he helped facilitate the deal (the "Commission Agreement").

35. Pursuant to the Commission Agreement, Patel was entitled to commissions as follows:

    a)  for finding a seller; Defendants would pay Patel a commission of 20% of the fee received by Defendants; and

    b)  for finding a buyer, Defendants would pay Patel a commission of 10% of the fee received by Defendants.

36. Notwithstanding the Commission Agreement, for a project in which Patel found both the buyer and the seller (Project Pacific), Patel and Defendants agreed to a total commission at a reduced rate of 18.5%.

37. Pursuant to the Commission Agreement, these commissions became due upon Defendants' receipt of their fees. The commissions were not contingent upon Patel's continued employment with Defendants.

38. Defendants failed to pay all of the commissions owed to Patel immediately when they became due or in a timely manner, and instead spread-out Patel's earned commissions over the course of months.

39. As a result, Patel had not received all of his earned commissions at the time his employment with Defendants ended.

40. At the Defendants' request, Patel continued to work on transactions subsequent to his employment, and was promised commissions for his continued work on these projects once the deals closed.

41. Upon information and belief, Defendants have received fees from transactions that Plaintiff facilitated, but have refused to pay him commissions due.

42. Specifically, Patel is owed commissions for the transactions referred to by Defendants as Project Archimedes, Project Nucleus, Project Pacific, Project Empire, and Project Flyers.

43. Upon information and belief, Patel is owed commissions on other transactions and business development support work.

44. Upon information and belief, Patel is entitled to commissions in excess of $300,000.00.

45. Although Patel has made several demands upon Defendants for payment of his unpaid wages and commissions prior to the filing of this Complaint, Defendants have wilfully refused to pay him what he is owed.

46. Patel sustained substantial damages from the acts and omissions described herein.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Minimum Wage Violations Under the FLSA)*

47. Plaintiff repeats and realleges all prior allegations set forth above.

48. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and employed Plaintiff.

49. Pursuant to the applicable provisions of FLSA 29 U.S.C. § 206, Plaintiff was entitled to be paid at least the applicable federal minimum wage rate for all hours worked.

50. Defendant's monthly stipend was substantially less than the statutory minimum wages Plaintiff should have received for the hours he worked.

51. Throughout the relevant time period, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff the minimum wages for the hours he worked.

52. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with reasonable attorneys' fees, interests, and costs.

53. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due ("liquidated damages").

54. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action for all unpaid minimum wages, pre- and post- judgment interest, liquidated

damages, attorneys' fees and costs, in an amount to be determined by the Court, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations under the FLSA)*

55. Plaintiff repeats and realleges all prior allegations set forth above.

56. Pursuant to the applicable provisions of FLSA 29 U.S.C. § 207, Plaintiff was entitled to overtime compensation of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per week.

57. Throughout the relevant time period, Plaintiff regularly worked in excess of 40 hours per week during his employment with Defendants.

58. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for each hour worked in excess of 40 hours in a work week.

59. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with reasonable attorneys' fees, interests, and costs.

60. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

61. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action for all unpaid overtime compensation, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, in an amount to be determined by the Court, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Minimum Wage Violations under the New Jersey Wage and Hour Law)*

62. Plaintiff repeats and realleges all prior allegations set forth above.

63. Throughout the relevant time period, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff minimum wages, in violation of N.J.S.A. 34:11-56(a)(4) and N.J.A.C. 12:56-3.1(a).

64. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with reasonable attorneys' fees, interest, and costs.

65. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages due was in compliance with the law, Plaintiff is entitled liquidated damages.

66. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action for all unpaid minimum wages, liquidated damages, pre- and post- judgment interest, attorneys' fees and costs, in an amount to be determined by the Court, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
*(Overtime Violations under the New Jersey Wage and Hour Law*

67. Plaintiff repeats and realleges all prior allegations set forth above.

68. Pursuant to the applicable provisions of N.J.S.A. 34:11-56(a)(4), Plaintiff was entitled to an overtime hourly wage of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per week.

69. Throughout the relevant time period, Plaintiff regularly worked in excess of 40 hours per week during his employment with Defendants.

70. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for each hour worked in

excess of 40 hours in a work week.

71. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages, along with reasonable attorneys' fees, interests, and costs.

72. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages due was in compliance with the law, Plaintiff is entitled to liquidated damages.

73. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action for all unpaid overtime compensation, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, in an amount to be determined by the Court, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
*(Failure to Timely Pay Wages
and
Commissions in Violation of New Jersey Wage Payment Law)*

74. Plaintiff repeats and realleges all prior allegations.

75. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages and commissions due at least twice during each calendar month on regular pay days designated in advance, in violation of N.J.S.A. 34:11-4.2.

76. Defendants also failed to pay Plaintiff all wages and commissions due not later than the regular payday for the pay period during which his termination took place, in violation of N.J.S.A. 34:11-4.3.

77. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages and commissions due in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages and commissions, and liquidated damages, along with interests and costs.

78. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action for all unpaid wages and commissions, liquidated damages, pre- and post-judgment interest, in an amount to be determined by the Court, and such other legal and equitable relief as this Court deems just and proper, including but not limited to a determination that commissions that become due in the future shall be paid to Plaintiff as they become due.

## AS AND FOR A SIXTH CAUSE OF ACTION
*(Breach of Contract)*

79. Plaintiff repeats and realleges all prior allegations.

80. Pursuant to the Commission Agreement, Plaintiff was entitled to receive commissions in exchange for introducing a buyer and/or seller to Defendants and for performing substantial work to facilitate the purchase or sale of businesses or assets.

81. Pursuant to the Commission Agreement, Plaintiff's commission would be a based on a percentage of the fees paid to Defendants on each transaction.

82. Pursuant to the Commission Agreement, these commissions became due upon Defendants' receipt of their fees.

83. Pursuant to the Commission Agreement, Plaintiff's receipt of these commissions were not contingent upon his continued employment with Defendants.

84. Plaintiff introduced buyers and sellers to Defendants and facilitated numerous deals for which Defendants received significant fees.

85. Defendants breached the Commission Agreement by failing to timely pay Plaintiff's commissions due. Specifically, Defendants spread out the payments of commissions instead of paying the full amounts due upon Defendants' receipt of their fee.

86. Defendants also breached the Commission Agreement by paying Plaintiff less than the agreed-upon commissions for these transactions, specifically by failing to make any further payments of the commissions due after Plaintiff ceased employment with Defendants.

87. Defendants failed to pay all of the commissions owed to Plaintiff, in breach of the Commission Agreement.

88. As a result of Defendants' breach of the Commission Agreement, Plaintiff has been damaged and is entitled to recover from Defendants all commissions due, along with interest and costs.

89. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action for all unpaid commissions, pre- and post- judgment interest, and costs, in an amount to be determined by this Court, but no less than $300,000.00.

## AS AND FOR SEVENTH CAUSE OF ACTION
*(Unjust Enrichment)*

90. Plaintiff repeats and realleges all prior allegations.

91. During his employment with Defendants, Plaintiff introduced buyers and sellers to Defendants and performed substantial work to facilitate the purchase or sale of businesses or assets for the benefit of Defendants.

92. These transactions include Project Archimedes, Project Nucleus, Project Pacific, Project Empire, Project Flyers, and other transactions.

93. Plaintiff expected remuneration from the Defendants at the time he performed or conferred a benefit on Defendants.

94. Defendants accepted the benefits of these transactions and they received substantial fees as a result.

95. Defendants have steadfastly refused to pay Plaintiff commissions for these transactions, and have been unjustly enriched at Plaintiff's expense.

96. It would be inequitable and unconscionable to permit Defendants to retain the full value of the transactions Plaintiff facilitated without fair compensation to Plaintiff.

97. Equity demands that Defendants be compelled to pay for this benefit.

98. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action for the fair and reasonable value of Plaintiff's services, along with costs and interest, in an amount to be determined by this Court, but no less than $300,000.00.

**WHEREFORE,** Plaintiff is entitled to judgment against Defendants as follows:

a) on the First Cause of Action for all unpaid minimum wages and liquidated damages, in an amount to be determined by this Court;

b) on the Second Cause of Action for all unpaid overtime wages and liquidated damages, in an amount to be determined by this Court;

c) on the Third Cause of Action for all unpaid minimum wages and liquidated damages, in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all unpaid overtime wages and liquidated damages, in an amount to be determined by this Court;

e) on the Fifth Cause of Action for unpaid wages and commissions, in an amount to be determined by this Court;

f) on the Sixth Cause of Action for all unpaid commissions, in an amount to be determined by this Court, but no less than $300,000.00;

g) on the Seventh Cause of Action for the fair and reasonable value of Plaintiff's services, in an amount to be determined by this Court, but no less than $300,000.00;

h) all equitable relief sought;

i) all reasonable attorneys' fees;

j) interest;

k) costs and disbursements; and

l) such other and further relief as is just and proper.

Dated: New York, New York
February 27, 2015

*Kenneth J. Katz*
Attorney for Plaintiff